IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------  :
ERNEST REED BAHR                          : CASE NO. 1:05 CV 2721
                                          :
                    Plaintiff             :
                                          : **MEMORANDUM OF OPINION**
            -vs-                          : **AND ORDER**
                                          :
                                          :
                                          :
                                          :
JUDGE JEFFREY L. RUNYAN, et al.,          :
                                          :
                    Defendants
---------------------------------------------------


UNITED STATES DISTRICT JUDGE LESLEY WELLS


On 21 November 2005, pro se plaintiff Ernest Reed Bahr filed the above-captioned action, on behalf of himself and his minor child, under 42 U.S.C. § 1983, against Ashland County Court of Common Pleas Judge Jeffrey L. Runyan, Loudonville, Ohio Police Officer M. Reiser, and Ashland County Sheriff Wayne Risner.  On 21 December 2005, the Court dismissed Mr. Bahr's claims against Judge Runyan and also dismissed the claims Mr. Bahr asserted on behalf of his minor son.  (Docket No. 11)  He was further advised that the remainder of his complaint, as written, failed to state a claim upon which relief could be granted and was ordered to file a legally sufficient amended complaint within fifteen days of the date of the order.  Mr. Bahr filed a motion

for reconsideration and an amended complaint on 7 February 2006 (Docket No. 13).[1]
The amended complaint also fails to state a claim upon which relief can be granted.  For the reasons set forth below, Mr. Bahr's Motion for Reconsideration is denied and this action is dismissed.

## **Background**

Mr. Bahr quarreled with his estranged wife, Daphne Bahr, on 25 February 2003 and refused to leave her residence when he was requested to do so.  Police were called and Mr. Bahr was charged with Criminal Damaging in violation of Ohio Revised Code § 2909.06(A)(1) and Criminal Trespassing in violation of Ohio Revised Code § 2911.21(A)(1).  Daphne Bahr filed an ex parte request for a civil protection order ("CPO") on 27 February 2003 seeking to prohibit Mr. Bahr from having any contact with her or the parties' minor child.  The court granted the temporary petition and set the matter for hearing on 5 March 2003.  Mr. Bahr claims that despite the lack of testimony at the hearing that he harmed or threatened to harm either Ms. Bahr or their child, Judge Jeffrey Runyan issued the CPO on 6 March 2003.  Mr. Bahr filed a timely appeal of the decision.  The CPO was dismissed by the trial court on 9 June 2003.  The Ohio Fifth District Court of Appeals agreed with this decision on 23 September 2003.

On 17 August 2003, Mr. Bahr encountered his estranged wife and her friends at a bar.  He provides no information about their interaction but apparently it was

---

[1] Although Mr. Bahr characterizes this document as an amended complaint, it is evident that he intends for it to supplement, not supercede, the original complaint in this action.  The court will therefore liberally construe it as a supplemental pleading.  To avoid confusion, however, the court will refer to the pleading as the amended complaint.

2

acrimonious because police were summoned to the scene.   Loudonville Police Officer M. Reiser responded to the call.   Daphne Bahr informed Officer Reisner that she had a CPO against Mr. Bahr.  Officer Reiser investigated the allegation and confirmed that law enforcement records showed a CPO on file.  The CPO, however, had been dismissed two months earlier and had not been removed from the computer system by Ashland County Sheriff's Department personnel.  Mr. Bahr was arrested and charged with domestic violence and violating the terms of a CPO. He claims he informed Officer Reiser and sheriff's deputies that the CPO had been terminated but was nevertheless transported to the Ashland County Jail.  The charges against Mr. Bahr were later reduced to Disorderly Conduct and he was acquitted at trial on 24 September 2003.  He claims that M. Reiser and Sheriff Risner also violated his rights under the Fourth, Fifth, and Fourteenth Amendments.

## Motion for Reconsideration

Mr. Bahr first asks this Court to reconsider its dismissal of Ashland County Court of Common Pleas Judge Jeffrey L. Runyan on 21 December 2005 (Docket No. 11).  In the Sixth Circuit, a motion for reconsideration is construed as a Federal Civil Rule 59(e) Motion to Alter or Amend Judgment. Moody v. Pepsi-Cola Metro. Bottling Co., 915 F.2d 201, 206 (6th Cir. 1990).  In requesting relief under Rule 59, Mr. Bahr was required to file his motion to alter or amend within 10 days from the date of the 21 December 2005 judgment he seeks to alter.  FED. R. CIV. P. 59(e).  His motion was filed on 7 February 2006, beyond the 10 day deadline from this court's judgment.  Inasmuch as this court lacks jurisdiction to enlarge the time for filing a Rule 59(e) motion, see FED.R.CIV.P.

3

6(b); Denley v. Shearson American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984), Mr. Bahr's motion to alter or amend is **dismissed** as untimely.

Where a party's Rule 59 motion is not filed within the mandatory 10-day period, it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment.   Feathers v. Chevron U.S.A., 141 F.3d 264, 268 (6th Cir.1998); see, e.g., Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991), cert. denied, 506 U.S. 828 (1992).   The standard for granting a Rule 60 motion, however, is significantly higher than the standard applicable to a Rule 59 motion.   A timely Rule 59 motion may be granted "for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." FED.R.CIV.P. 59(a).   A Rule 60(b) motion, by contrast, may be granted only for certain specified reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);  (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;  (4) the judgment is void;  (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;  or (6) any other reason justifying relief from the operation of the judgment.

FED.R.CIV.P. 60(b).  Because the motion does not invoke any of the first five grounds for relief enumerated in the rule, Mr. Bahr's request may be construed under subsection (b)(6), "any other reason justifying relief" from judgment.  This subsection is only properly invoked in "unusual and extreme situations where principles of equity mandate

4

relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990). There is nothing in the motion to indicate that the Court's determination that Judge Runyan is entitled to absolute immunity from damages presents an unusual or extreme situation to justify relief under Rule 60(b)(6).

Mr. Bahr suggests that Judge Runyan should be held liable because he exceeded his authority under Ohio law when issuing the CPO. Judicial officers are generally absolutely immune from civil suits for money damages. Mireles v. Waco, 502 U.S. 9, 9 (1991); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. Barnes, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. Mireles, 502 U.S. at 11-12; Barnes, 105 F.3d at 1116. Stump, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Mr. Bahr contends that Judge Runyan issued orders which Mr. Bahr believes to be contrary to Ohio law. If these allegations are true, Mr. Bahr's remedy is an appeal of the order. He does not have recourse against the judge for damages under 42 U.S.C. §1983. Consequently, Mr. Bahr is not entitled to relief under Rule 60(b)(6). The Motion for Reconsideration (Docket No. 13.) is **denied**.

**Amended Complaint**

Mr. Bahr's remaining claims against Village of Loudonville Police Officer Reiser and Ashland County Sheriff Wayne Risner are also subject to dismissal.  As an initial matter, Mr. Bahr cannot proceed with this action under 42 U.S.C. § 1983 because it was filed beyond the applicable statute of limitations period.  Ohio's two year statute of limitations for bodily injury applies to §1983 claims.  <u>LRL Properties v. Portage Metro Housing Authority</u>, 55 F. 3d 1097 (6th Cir. 1995).  The actions alleged in the complaint took place between 25 February 2003 and 24 September 2003. This action was filed on 21 November 2005, beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred.  <u>See</u> <u>Fraley v. Ohio Gallia County</u>, No. 97-3564, 1998 WL 789385, at \*\*1 (6th Cir., Oct. 30, 1998)(affirming <u>sua</u> <u>sponte</u> dismissal of <u>pro se</u> §1983 action filed after two year statute of limitations for bringing such an action had expired).

Furthermore, even if this action were not barred by the applicable state of limitations, Mr. Bahr has failed to state a claim against Sheriff Wayne Risner.  He cannot establish the liability of any defendant under § 1983 absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976); <u>Mullins v. Hainesworth</u>, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  Mr. Bahr alleges that the CPO was not removed from the computer system after it was rescinded and states as the basis of his claim that "Sheriff Risner is responsible for maintaining his records so 'innocent' people are not subject to violation of their civil rights."  (Am. Compl. at 2.)  He also contends in his original pleading that "Wayne Risner, as the

6

Sheriff of Ashland County, is responsible for the acts of corrections officers and sheriff's deputies employed by him and under his direction and control." (Compl. at 5.) Neither of these pleadings contains facts which reasonably indicate Sheriff Risner personally committed the acts which give rise to Mr. Bahr's claims.

To the contrary, it appears Sheriff Risner has been named in this suit solely because he employs other individuals who may have performed the actions in question. It is well established that §1983 will not support a claim based upon a theory of respondeat superior alone. Polk County v. Dodson, 454 U.S. 312, 325 (1981). For an individual supervisor or employer to be found liable for the acts of an employee under § 1983, the acts of the employee must have been in accordance with some official policy or custom or the supervisor must have encouraged the specific misconduct or in some way directly participated in it. See Monell v. Dept. of Social Services, 436 U.S. 658, 690-91 (1978); Hays v. Jefferson County, Ky., 668 F.2d 869 (6th Cir. 1982); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Again, the complaint contains no suggestion that Sheriff Risner encouraged, acquiesced in, or directly participated in the conduct described in the complaint. Moreover, Mr. Bahr does not allege the existence of a custom or policy which may have resulted in the deprivation of his federally protected rights. Absent these allegations, Mr. Risner cannot be held liable for the actions of his subordinates in a § 1983 civil rights action.

**Conclusion**

Accordingly, Mr. Bahr's "Motion for Reconsideration of 12/21/05 Order Dismissing Defendant Runyan" (Docket No. 13) is denied and this action is dismissed.

Further, the court certifies that an appeal from this decision could not be taken in good faith.[2]

        IT IS SO ORDERED.

                                /s/Lesley Wells
                                UNITED STATES DISTRICT JUDGE

Dated: 14 February 2006

---

[2] 28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.